CHARLES R. GIBBS (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
cgibbs@akingump.com

– and –

JARED G. PARKER (SBN: 6428)
PARKER SCHWARTZ, PLLC
7310 N. 16th St., Suite 330
Phoenix, Arizona 85020
Telephone: (602) 282-0476
Facsimile: (602) 282-0478
jparker@psazlaw.com

Attorneys for Debtors
and Debtors in Possession

DAVID P. SIMONDS (admitted *pro hac vice*)
ARUN KURICHETY (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 229-1000
Facsimile: (310) 229-1001
dsimonds@akingump.com
akurichety@akingump.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ELECTRIC TRANSPORTATION ENGINEERING CORPORATION (d/b/a ECOTALITY NORTH AMERICA), *et al.*,[1]<br><br>Debtors. | Case No. 2:13-BK-16126 (MCW)<br><br>Chapter 11<br><br>Jointly Administered<br><br>**DEBTORS' SECOND OMNIBUS OBJECTION TO CERTAIN (A) RECLASSIFIED CLAIMS, (B) REDUCED CLAIMS AND (C) NO LIABILITY CLAIMS** |
| This filing applies to:<br><br>■ All Debtors<br><br>☐ Specified Debtors | Hearing only if requested<br><br>Responses Due: December 22, 2014 |

---

[1]  The Debtors in these jointly administered chapter 11 cases and the last four digits of their respective Employer Identification Numbers are: (i) ECOtality, Inc. (5422); (ii) Electric Transportation Engineering Corporation (4755); (iii) ECOtality Stores, Inc. (2643); (iv) ETEC North, LLC (n/a); (v) The Clarity Group, Inc. (8832); and (vi) G.H.V. Refrigeration, Inc. (4512). The Debtors' service address is ECOtality, Inc., P.O. Box 20336, Phoenix, Arizona 85036-0336.

> **THIS OBJECTION SEEKS TO DISALLOW, EXPUNGE AND/OR MODIFY, AS APPLICABLE, CERTAIN SCHEDULED CLAIMS OR FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULES 1-3</u> TO THE PROPOSED FORM OF ORDER ATTACHED TO THIS OBJECTION AS <u>EXHIBIT A</u>. PLEASE NOTE THAT CREDITORS MAY APPEAR ON MORE THAN ONE SCHEDULE.**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") hereby submit this objection (the "***Objection***") seeking entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "***Order***"), modifying the amounts or priority status or classification, as the case may be, and/or expunging, as applicable, the claims identified on **<u>Schedules 1-3</u>** to the Order in their entirety because (a) the claims (collectively, the "***Reclassified Claims***") do not accurately reflect the priority status or classification, as the case may be, of amounts owed by the Debtors; (b) the claims (collectively, the "***Reduced Claims***") do not accurately reflect amounts owed by the Debtors; or (c) the claims (collectively, the "***No Liability Claims***," and collectively with the Reclassified and Reduced Claims, the "***Disputed Claims***") must be disallowed and expunged in their entirety because, based on the Debtors' books and records, the Debtors have no liability. In support of this Objection, the Debtors submit the *Declaration of Susie Herrmann in Support of the Debtors' Second Omnibus Objection to Certain (A Reclassified, (B) Reduced and (C) No Liability Claims* (the "***Herrmann Declaration***"), attached hereto as **<u>Exhibit B</u>**. In further support of the Objection, the Debtors respectfully state as follows:

## I.

## <u>JURISDICTION</u>

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

The bases for the relief requested herein are sections 105(a) and 502 of title 11 of the United States Code (the "***Bankruptcy Code***"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the

"***Bankruptcy Rules***") and Rule 3007-1 of the Local Rules of Bankruptcy Procedures for the District of Arizona (the "***Local Rules***").

**II.**

**FACTUAL BACKGROUND**

**A.    General Background**

On September 16, 2013 (the "***Petition Date***"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  On September 17, 2013, the Court entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 34].  On September 24, 2013, the Office of the United States Trustee for Region 14 (the "***U.S. Trustee***") appointed a committee of unsecured creditors (the "***Creditors' Committee***") under Bankruptcy Code section 1102.  No trustee or examiner has been appointed in these cases.

A description of the Debtors' businesses and the reasons for filing these chapter 11 cases is set forth in the *Declaration of H. Ravi Brar in Support of First Day Pleadings* [Docket No. 28] and incorporated by reference as if fully set forth herein.

**B.    Specific Background**

On October 1, 2013, each of the Debtors filed their schedules of assets and liabilities (collectively, the "***Schedules***") as required under Bankruptcy Code section 521.

On December 4, 2013, the Court entered an order [Docket No. 364] (the "***Bar Date Order***") on the *Amended Motion to Set Proof of Claim Bar Date* [Docket No. 264] filed by the Creditors' Committee establishing (a) January 15, 2014, as the deadline for all persons and entities holding or wishing to assert a "claim" (as defined in Bankruptcy Code section 101(5)) against any of the Debtors that arose before the Petition Date (each, a "***Claim***"), including any claim arising under Bankruptcy Code section 503(b)(9), to file proof of such Claim in writing; and (b) March 14, 2014, as the deadline for all governmental units holding or wishing to assert a Claim against any of the Debtors that arose before the Petition Date to file proof of such Claim in writing.  On December 11, 2013, the *Notice of Bar Date to File Proofs of Claim* was served as set forth in the Affidavit of Service [Docket No. 423].

To date, entities have filed approximately 230 proofs of claim against the Debtors on an aggregate basis, collectively asserting claims totaling more than $146 million in the aggregate plus additional unliquidated claims.[2] The Debtors and their advisors are in the process of reviewing the proofs of claim, including supporting documentation, if any, filed together with any proofs of claim, and reconciling the proofs of claim with the Debtors' books and records to determine the validity of the proofs of claim. For the reasons set forth in more detail below, and based on their review to date, the Debtors have determined that the Disputed Claims are objectionable on the grounds set forth below and as identified in **Schedules 1-3** to the Order.

**IV.**

**OBJECTION**

### A.    Reclassified Claims (Schedule 1)

The Reclassified Claims consist of Claims filed against a Debtor that allege entitlement to priority status under the Bankruptcy Code. Based on their review of the relevant proofs of claim and the Schedules, the Debtors have determined that the Reclassified Claims, as filed or scheduled, as applicable, do not accurately reflect the priority status or classification, as the case may be, of amounts owed by the Debtors according to their books and records. Instead, the Debtors assert that the appropriate priority status or classification, as the case may be, of the Reclassified Claims is listed under the column labeled "Modified/Reclassified/Disallowed Claim" on **Schedule 1** to the Order. As a result, the Debtors are seeking an order reclassifying the Reclassified Claims on **Schedule 1** to the Order to reflect the appropriate priority status or classification, as applicable; provided, however, that the Debtors reserve the right to object to any Claim identified as a "Modified/Reclassified/Disallowed Claim" on **Schedule 1** to the Order on any applicable grounds.

### B.    Reduced Claims (Schedule 2)

As set forth in the Herrmann Declaration and as more fully explained on **Schedule 2** to the Order, the Debtors have reviewed the Reduced Claims and determined that the Reduced Claims, as

---

[2]    All identifying Claim numbers set forth above refer to the Claim number reflected in the claims register managed by the Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC, and available at www.kccllc.net/ECOtality/register.

filed, do not accurately reflect amounts owed by the Debtors, according to their books and records. Instead, the Debtors assert that the amounts listed under the column labeled "Modified/Reclassified/Disallowed Claim" on **Schedule 2** to the Order are the accurate amounts owed to the claimants listed therein. As a result, the Debtors are seeking an order reducing the Reduced Claims listed on **Schedule 2** to the Order; provided, however, that the Debtors reserve the right to object to any Claim identified as a "Modified/Reclassified/Disallowed Claim" on **Schedule 2** to the Order on any applicable grounds.

### C. No Liability Claims (Schedule 3)

Based on their review of the proofs of claim, the Debtors have determined that the No Liability Claims, as filed, do not accurately reflect amounts owed by the Debtors according to their books and records. Instead, the Debtors assert that they have no liability for such Claims for the reasons set forth under the column labeled "Modified/Reclassified/Disallowed Claim" on **Schedule 3** to the Order. As a result, the Debtors are seeking an order disallowing and expunging the No Liability Claims listed on **Schedule 3** to the Order.

### V.

### BASIS FOR RELIEF

Bankruptcy Code section 502(a) provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Pursuant to Bankruptcy Code section 1111(a), a proof of claim or interest is deemed filed for any claim or interest that appears in the Schedules, except those scheduled as disputed, contingent or unliquidated. *See* 11 U.S.C. § 1111(a). A debtor in possession has the duty to object to the allowance of any claim that is improper. *See* 11 U.S.C. § 1106(a)(1). Moreover, a debtor may file an objection to a previously scheduled claim, even if the claim was not designated as disputed, contingent or unliquidated. *See In re Dynamic Brokers, Inc.*, 293 B.R. 489, 497 (B.A.P. 9th Cir. 2003) (noting that a debtor could either amend its schedules or file an objection under Bankruptcy Rule 3007 if the debtor sought to reduce a previously scheduled claim).

As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim under Bankruptcy Code

section 502(a). Fed. R. Bankr. P. 3001(f). The burden of proof is on the objecting party to produce evidence equivalent in probative value to that of the creditor to rebut the prima facie effect of the proof of claim. However, "the ultimate burden of persuasion is always on the claimant." *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991); *see also In re Leatherland Corp.*, 302 B.R. 250, 259 (Bankr. N.D. Ohio 2003). *In re Stoecker*, 143 B.R. 879, 883 (N.D. Ill. 1992), *aff'd in part, vacated in part by* 5 F.3d 1022 (7th Cir. 1993) (noting that to receive the benefit of prima facie validity, the proof of claim must "set forth facts necessary to support the claim").

A claimant's proof of claim is entitled to the presumption of prima facie validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that are essential to a claim's legal sufficiency. *See In re Relford*, 323 B.R. 669, 672–73 (Bankr. S.D. Ind. 2004). Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). In other words, once the prima facie validity of a claim is rebutted, "it is for the claimant to prove his claim, not for the objector to disprove it." *In re Kahn*, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

For the reasons set forth herein, on **Schedules 1-3** to the Order and in the Herrmann Declaration, the Court should disallow, expunge or modify the Disputed Claims, as applicable and as requested herein. If the Disputed Claims are not formally disallowed, expunged or modified, as applicable, the potential exists for the applicable claimants to receive recoveries to which they are not entitled, to the detriment of the Debtors' other stakeholders. In addition, the relief requested will ensure that the Claims administration process and reconciliation process is not unnecessarily burdensome. Thus, the relief requested herein is necessary to prevent any inappropriate distribution of estate funds and to facilitate the administration of the Claims allowance process.

## VI.

### SEPARATE CONTESTED MATTERS

A properly supported objection to a claim initiates a contested matter under the Bankruptcy Rules. *See* Fed. R. Bankr. P. 3007 (adv. comm. note). Each of the above objections to the proofs of

claim referred to herein constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. The Debtors request that any order entered by the Court with respect to an objection asserted herein shall be deemed a separate order with respect to each Claim.

## VII.

## **RESERVATION OF RIGHTS**

The Debtors expressly reserve the right to amend, modify or supplement this Objection and to file additional substantive or non-substantive objections to the Claims objected to herein, or any other Claims, filed or not, that have been or may be asserted against the Debtors. If one or more of the grounds of objection stated in this Objection be overruled, the Debtors reserve the right to object on any other applicable grounds. In addition, the Debtors reserve the right to seek to reduce any Claim for any reason, including to the extent such Claim has been paid. The Debtors reserve the right to raise further objections, including objections under Bankruptcy Code section 502(d). Nothing in this Objection or the relief requested herein shall limit the right of the Debtors to bring future and/or additional objections to any of the Disputed Claims on any basis.

## VIII.

## **NOTICE**

The Debtors have provided notice of this Objection and the procedures for filing a response to this Objection to: (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) the United States Department of Energy; (iv) the United States Department of Labor; (v) the Securities and Exchange Commission; (vi) the Internal Revenue Service; (vii) the United States Attorney's Office for the District of Arizona; (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (ix) holders of the Disputed Claims identified on **Schedules 1-3** to the Order. The Debtors respectfully submit that such notice is sufficient and that no further notice need be given.

## IX.

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order granting the relief requested in this Objection and (b) grant such other and further relief as the Court may deem just, proper and equitable.

Dated: December 5, 2014

PARKER SCHWARTZ, PLLC


By: _____/s/ Jared Parker_____
        Jared G. Parker

– and –

AKIN GUMP STRAUSS HAUER & FELD LLP

Charles R. Gibbs (admitted *pro hac vice*)
David P. Simonds (admitted *pro hac vice*)
Arun Kurichety (admitted *pro hac vice*)

Attorneys for the Debtors
and Debtors in Possession

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Case No. 2:13-BK-16126 (MCW) |
| ELECTRIC TRANSPORTATION ENGINEERING CORPORATION (d/b/a ECOTALITY NORTH AMERICA), *et al.*,[1] | Chapter 11 |
| | Jointly Administered |
| Debtors. | **ORDER GRANTING DEBTORS' SECOND OMNIBUS OBJECTION TO CERTAIN (A) RECLASSIFIED CLAIMS, (B) REDUCED CLAIMS AND (C) NO LIABILITY CLAIMS** |

This filing applies to:

■ All Debtors

☐ Specified Debtors

Upon the objection (the "***Objection***") of the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") seeking entry of an order (this "***Order***") (a) disallowing, expunging, and/or modifying the Disputed Claims identified on **Schedules 1-3** hereto, pursuant to Bankruptcy Code

---

[1] The Debtors in these jointly administered chapter 11 cases and the last four digits of their respective Employer Identification Numbers are: (i) ECOtality, Inc. (5422); (ii) Electric Transportation Engineering Corporation (4755); (iii) ECOtality Stores, Inc. (2643); (iv) ETEC North, LLC (n/a); (v) The Clarity Group, Inc. (8832); and (vi) G.H.V. Refrigeration, Inc. (4512). The Debtors' service address is ECOtality, Inc., P.O. Box 20336, Phoenix, AZ 85036-0336.

section 502, Bankruptcy Rule 3007 and Local Rule 3007-1; and (b) granting related relief, all as more fully set forth in the Objection;[2] and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having found that the Debtors' notice of the Objection and opportunity for a hearing on the Objection were appropriate, and no other notice need be provided; and this Court having reviewed the Objection and having heard the statements in support of the relief requested therein; and this Court having determined that the legal and factual bases set forth in the record establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that:

1.     The Objection is sustained.

2.     Any response to the Objection not otherwise withdrawn, resolved or adjourned is hereby overruled on its merits.

3.     The Reclassified Claims identified on **Schedule 1** hereto are modified such that they are reclassified and now have the priority status or classification, as the case may be, listed in the column labeled "Modified/Reclassified/Disallowed Claim;" provided, however, that the Debtors reserve the right to object to any such modified Claim on any applicable grounds.

4.     The Reduced Claims identified on **Schedule 2** hereto are modified such that they are reduced in the amounts listed in the column labeled "Modified/Reclassified/Disallowed Claim;" provided, however, that the Debtors reserve the right to object to any such modified Claim on any applicable grounds.

---

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

5.      The No Liability Claims identified on **<u>Schedule 3</u>** hereto are disallowed and expunged in their entirety.

6.      Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to update the claims register to reflect the relief granted in this Order.

7.      Nothing in this Order shall be deemed: (a) an admission or finding as to the validity or allowance of any Claim against a Debtor entity; (b) a waiver of the right of the Debtors to dispute any Claim against any Debtor on any grounds whatsoever, at a later date; (c) a promise by or requirement on any Debtor to pay any Claim; (d) an implication or admission that any particular Claim is of a type specified or defined in this Order; or (e) a waiver of the rights of the Debtors under the Bankruptcy Code or any other applicable law.  For the avoidance of doubt, all reservations of rights in this paragraph shall extend to any successor of the Debtors, including any liquidating trustee, that enjoys the powers of a debtor in possession under Bankruptcy Code section 1107.

8.      Each of the Disputed Claims and the corresponding objection by the Debtors to each of the Disputed Claims, as addressed in the Objection and set forth on **<u>Schedules 1-3</u>** hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate Order with respect to each Disputed Claim.  Any appeal of this Order or stay of this Order pending appeal by any claimants whose Claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters identified in the Objection or this Order.

9.      Notwithstanding the possible applicability of Bankruptcy Rules 7062, 9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry.

10.      The Debtors and any liquidating trustee, as applicable, are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

11.      The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

## **\*\*DATED AND SIGNED ABOVE\*\***

**Schedule 1**

**Schedule of Reclassified Claims**

In re Electric Transportation Engineering, Corp., et al.
Reclassified Claims

| | | Asserted Claim | | | | Modified/Reclassified/Disallowed Claim | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Claimant | Claim No. | Claim Amount | | Date Filed | Claim No. | Claim Status | Cross-Reference to Omnibus Objection | Basis for Modification, Reclassification or Disallowance |
| 1 | Cadworks Drafting & Design, LLC 541 N. Ash Dr. Chandler AZ, 85224 | 132 | Priority | $2,622.00 | 12/26/2013 | 132 | Unsecured | Section IV.A | Reclassified. Claimant asserts priority under 11 U.S.C. § 507(a)(4). Claimant corporation provided engineering services as an independent contractor. Claimant's proof of claim does not provide sufficient support for priority treatment for sales commissions earned by a corporation with only one employee acting as an independent contractor, 75% of whose amount earned was for the sale of goods or services earned from the Debtors. |
| 2 | Campbell Family Electric, Inc. 352 Golden Leaf Court Tracy, CA 95377 | 25 | Priority Unsecured Sub-Total | $12,475.00 $88,400.00 100,875.00 | 10/14/2013 | 25 | Unsecured | Section IV.A | Reclassified. Claimant asserts priority under 11 U.S.C. § 507(a)(4). Claimant corporation provided installation services under a Master Services Agreement as an independent contractor. Claimant's proof of claim does not provide sufficient support for priority treatment for sales commissions earned by a corporation with only one employee acting as an independent contractor, 75% of whose amount earned was for the sale of goods or services earned from the Debtors. |
| 3 | Contract Professionals, inc. Attn: Tricia Wilson 4141 W. Walton Blvd. Waterford, MI 48329 | 32 | Priority | $8,511.50 | 10/22/2013 | 32 | Unsecured | Section IV.A | Reclassified. Claimant asserts priority under 11 U.S.C. § 507(a)(4) for wages, salaries or commissions earned by an individual. Claimant's agreement with Debtor ECOtality, Inc. makes clear that the personnel provided thereunder are employees of Claimant. The proof of claim does not provide sufficient support and documentation to support priority treatment of this claim. |
| 4 | Daryl E. Magana 12915 N. 103rd Pl. Scottsdale, AZ 85260 | 61 | Priority | $11,750.00 | 10/23/2013 | 61 | Unsecured | Section IV.A | Reclassified. Claimant asserts priority under 11 U.S.C. § 507(a)(4) for wages, salaries or commissions earned by an individual. The amount claimed is for unpaid fees for Claimant's service as a member of the board of directors for Debtor ECOtality, Inc. and not as an employee. The proof of claim does not provide sufficient support and documentation to support priority treatment of this claim. |
| 5 | Fisher Renewables, LLC c/o Philip D. Fisher P.O. Box 736 Coppell, TX 75019 | 48 | Priority | $4,000.00 | 10/7/2013 | 48 | Unsecured | Section IV.A | Reclassified. Claimant asserts priority under 11 U.S.C. § 507(a)(4). Claimant corporation provided installation services under a Master Services Agreement as an independent contractor. Claimant's proof of claim does not provide sufficient support for priority treatment for sales commissions earned by a corporation with only one employee acting as an independent contractor, 75% of whose amount earned was for the sale of goods or services earned from the Debtors. |

In re Electric Transportation Engineering, Corp., et al.
Reclassified Claims

| | | Asserted Claim | | | | Modified/Reclassified/Disallowed Claim | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Claimant | Claim No. | Claim Amount | | Date Filed | Claim No. | Claim Status | Cross-Reference to Omnibus Objection | Basis for Modification, Reclassification or Disallowance |
| 6 | Jonathan Read 6711 E. Camelback, #32 Scottsdale, AZ 85251 | See Schedule E In re ECOtality, Inc., Case No. 13-16127 | Priority | $33,657.72 | 10/1/2014 | See Schedule E In re ECOtality, Inc., Case No. 13-16127 | Unsecured | Section IV.A | **Reclassified.** The Claim was unintentionally scheduled as a priority claim under U.S.C. § 507(a)(4) for wages, salaries or commissions earned by an individual, in connection with severance owed under Claimant's employment contract. The severance claim, however, was incurred on 10/1/2012, which is outside the priority period for employee claims. Claimant has not filed a proof of claim. |
| 7 | Paula Smith 105 Boxwood Drive Franklin, TN 37069 | 74 | Priority | $4,726.00 | 11/18/2013 | 74 | Unsecured | Section IV.A | **Reclassified.** Claimant asserts priority under 11 U.S.C. § 507(a)(4). Claimant performed services under an Independent Contractor Agreement. Claimant's proof of claim does not provide sufficient support for priority treatment for sales commissions earned by an independent contractor, 75% of whose amount earned was for the sale of goods or services earned from the Debtors. |
| 8 | Robert Shaw 14 Carthage Ln. Scarsdale, NY 10583 | 8 | Priority | $13,258.58 | 9/24/2013 | 8 | Unsecured | Section IV.A | **Reclassified.** Claimant asserts priority under 11 U.S.C. § 507(a)(4). Claimant performed services as an independent contractor. Upon information and belief, Claimant was actively working with at least one other client during the time he was assisting Debtor ECOtality, Inc. Claimant's proof of claim does not provide sufficient support for priority treatment for sales commissions earned by an independent contractor, 75% of whose amount earned was for the sale of goods or services earned from the Debtors. |
| 9 | TargetCW 9475 Chesapeake Drive San Diego, CA 92131 | 115 | 507(a)(4) Unsecured Sub-Total | $12,475.00 $203,047.23 $215,522.23 | 11/7/2013 | 115 | Unsecured | Section IV.A | **Reclassified.** Claimant asserts priority under 11 U.S.C. § 507(a)(4) for wages, salaries or commissions earned by an individual. Claimant's agreement with Debtor ECOtality, Inc. makes clear that the personnel provided thereunder are employees of Claimant. The proof of claim does not provide sufficient support and documentation to support priority treatment of this claim. |

Note: All identifying Claim numbers set forth above pertain to those used as reference in the claims register managed by the Debtors' claims and notice agent, Kurtzman Carson Consultants LLC, and available at www.kccllc.net/ECOtality/register.

* As set forth in the Objection, the Debtors reserve the right to object to any Claim identified as a "Modified/Reclassified/Disallowed Claim" on any applicable grounds

**<u>Schedule 2</u>**

**Schedule of Reduced Claims**

In re Electric Transportation Engineering, Corp., et al.
Reduced Claims

| | | Asserted Claim | | | | Modified/Reclassified/Disallowed Claim | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Claimant | Claim No. | Claim Amount | | Date Filed | Claim No. | Claim Amount | | Cross-Reference to Omnibus Objection | Basis for Modification, Reclassification or Disallowance |
| 1 | Campbell Family Electric, Inc. 352 Golden Leaf Court Tracy, CA 95377 | 25 | Priority Unsecured Sub-Total | $12,475.00 $88,400.00 $100,875.00 | 10/14/2013 | 25 | Unsecured | $100,425.00 | Section IV.B | **Reduce.** The total amount claimed includes unknown or improper charges. The invoices attached to the Claimant's proof of claim total $450.00 less than the claimed amount and thus the claim amount should be reduced accordingly. |
| 2 | Daryl E. Magana 12915 N. 103rd Pl. Scottsdale, AZ 85260 | 61 | Priority | $11,750.00 | 10/23/2013 | 61 | Unsecured | $9,791.67 | Section IV.B | **Reduce.** The total amount claimed by Claimant in its proof of claim does not account for the proration of September 2013 fees on account of the board of directors' agreement to continue to serve postpetition without payment of any fees. |
| 3 | State Board of Equalization Special Operations Branch, MIC: 55 P.O. Box 942879 Sacramento, CA 94279-0055 | 218 | Priority | $125,000.00 | 3/4/2014 | 218 | Priority | $51,074.59 | Section IV.B | **Reduce.** Pursuant to that certain Report of Field Audit - Reaudit Report, issued by the Claimant on November 7, 2014, the liability disclosed by examination of Debtor Electric Transportation Engineering Corp.'s for the examination period of April 1, 2010 to March 31, 2013, is $43,357.72 for sales and use tax assessments, plus $7,716.87 in interest to November 30, 2014, for an aggregate liability of $51,074.59, and should be reduced accordingly. |
| 4 | TargetCW 9475 Chesapeake Drive San Diego, CA 92131 | 115 | 507(a)(4) Unsecured Sub-Total | $12,475.00 $203,047.23 $215,522.23 | 11/7/2013 | 115 | Unsecured | $213,531.52 | Section IV.B | **Reduce.** The total amount claimed includes unknown or improper charges. Invoice No. 544062 in the amount of $193.70 is not in the Debtors' books and records. Invoice No. 549350 in the amount of $1,797.01 is a "previous wage" charge for which claimant sent without proper approval. |

Note:  All identifying Claim numbers set forth above pertain to those used as reference in the claims register managed by the Debtors' claims and notice agent, Kurtzman Carson Consultants LLC, and available at www.kccllc.net/ECOtality/register.

* As set forth in the Objection, the Debtors reserve the right to object to any Claim identified as a "Modified/Reclassified/Disallowed Claim" on any applicable grounds.

**<u>Schedule 3</u>**

**Schedule of No Liability Claims**

In re Electric Transportation Engineering, Corp., et al.
No Liability Claims

| | | Asserted Claim | | | | Modified/Reclassified/Disallowed Claim | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Claimant | Claim No. | Claim Amount | Date Filed | Claim No. | Claim Amount | | Cross-Reference to Omnibus Objection | Basis for Modification, Reclassification or Disallowance |
| 1 | ADP - FSA Liability | See Schedule E In re ECOtality, Inc., Case No. 13-16127 | Priority | $8,942.40 | 10/1/2013 | See Schedule E In re ECOtality, Inc., Case No. 13-16127 | Priority | $0.00 | Section IV.C | **No Liability.** The Claim was scheduled as a priority claim for an accrual for pending funding of Debtor ECOtality, Inc.'s flexible spending account. Pursuant to this Court's order [Docket No.132], the Debtors continued to pay or satisfy their employee benefits obligations, including funding of the flexible spending account. The flexible spending account was closed in February and all claims were funded. According to the Debtors' books and records, there is no pending liability for the flexible spending account, and the Claim should be disallowed. |
| 2 | Cloud Utility Pty Ltd. P.O. Box 935 Aspley, Brisbane Queensland, Australia 4035 | 226 | Priority Unsecured | $62,913.33 $252,086.50 | 8/11/2014 | 226 | Priority Unsecured | $0.00 $315,000.00 | Section IV.C | **No Liability.** Claimant's proof of claim does not provide sufficient support and documentation to support such claim. Claimant asserts priority under 11 U.S.C. § 507(a)(4)(B) for commissions earned by an individual or by a corporation with only one employee acting as an independent contractor in the sale of goods or services. The proof of claim does not provide sufficient support to indicate that the invoiced amounts, which appear to be expenses and amounts for "lost revenue," pertain to sales commissions to support priority treatment of this claim. The proof of claim provides inadequate documentation to support the amount claimed, the entitlement to such claim and the priority treatment of this claim. |
| 3 | Innergy Employee - E A | See Schedule E In re ECOtality, Inc., Case No. 13-16127 | Priority | $403.85 | 10/1/2013 | See Schedule E In re ECOtality, Inc., Case No. 13-16127 | Priority | $0.00 | Section IV.C | **No Liability.** The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 4 | Innergy Employee - G T | See Schedule E In re ECOtality, Inc., Case No. 13-16127 | Priority | $173.52 | 10/1/2013 | See Schedule E In re ECOtality, Inc., Case No. 13-16127 | Priority | $0.00 | Section IV.C | **No Liability.** The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 5 | Innergy Employee - L G | See Schedule E In re ECOtality, Inc., Case No. 13-16127 | Priority | $288.46 | 10/1/2013 | See Schedule E In re ECOtality, Inc., Case No. 13-16127 | Priority | $0.00 | Section IV.C | **No Liability.** The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |

| | | Asserted Claim | | | Modified/Reclassified/Disallowed Claim | | | |
|---|---|---|---|---|---|---|---|---|
| | Claimant | Claim No. | Claim Amount | Date Filed | Claim No. | Claim Amount | Cross-Reference to Omnibus Objection | Basis for Modification, Reclassification or Disallowance |
| 6 | Ecotality Employee - M Felli | See Schedule E In re ECOtality, Inc., Case No. 13-16127 | Priority $12,475.00 | 10/1/2013 | See Schedule E In re ECOtality, Inc., Case No. 13-16127 | Priority $0.00 | Section IV.C | **No Liability.** The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual, in connection with accrued vacation payable upon termination of employment. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 7 | Innergy Employee - R A | See Schedule E In re ECOtality, Inc., Case No. 13-16127 | Priority $171.36 | 10/1/2013 | See Schedule E In re ECOtality, Inc., Case No. 13-16127 | Priority $0.00 | Section IV.C | **No Liability.** The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 8 | Ecotality Employee - R Brar | See Schedule E In re ECOtality, Inc., Case No. 13-16127 | Priority $12,475.00 | 10/1/2013 | See Schedule E In re ECOtality, Inc., Case No. 13-16127 | Priority $0.00 | Section IV.C | **No Liability.** The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual, in connection with accrued vacation payable upon termination of employment. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 9 | Innergy Employee - S R | See Schedule E In re ECOtality, Inc., Case No. 13-16127 | Priority $187.85 | 10/1/2013 | See Schedule E In re ECOtality, Inc., Case No. 13-16127 | Priority $0.00 | Section IV.C | **No Liability.** The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 10 | ETEC Employee - 0057 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $243.24 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $0.00 | Section IV.C | **No Liability.** The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 11 | ETEC Employee - 1002 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $144.11 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $0.00 | Section IV.C | **No Liability.** The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 12 | ETEC Employee - 1017 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $285.39 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $0.00 | Section IV.C | **No Liability.** The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |

| | | Asserted Claim | | | | Modified/Reclassified/Disallowed Claim | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Claimant | Claim No. | Claim Amount | Date Filed | Claim No. | Claim Amount | | Cross-Reference to Omnibus Objection | Basis for Modification, Reclassification or Disallowance |
| 13 | ETEC Employee - 1026 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $243.24 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability**.  The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual.  Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 14 | ETEC Employee - 1029 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $704.47 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability**.  The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual.  Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 15 | ETEC Employee - 1044 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $245.77 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability**.  The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual.  Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 16 | ETEC Employee - 1051 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $431.77 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability**.  The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual.  Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 17 | ETEC Employee - 1056 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $200.51 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability**.  The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual.  Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 18 | ETEC Employee - 1058 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $436.32 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability**.  The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual.  Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 19 | ETEC Employee - 1065 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $342.06 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability**.  The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual.  Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |

In re Electric Transportation Engineering, Corp., et al.
No Liability Claims

| | | Asserted Claim | | | | Modified/Reclassified/Disallowed Claim | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Claimant | Claim No. | | Claim Amount | Date Filed | Claim No. | | Claim Amount | Cross-Reference to Omnibus Objection | Basis for Modification, Reclassification or Disallowance |
| 20 | ETEC Employee - 1070 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $220.46 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability**. The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 21 | ETEC Employee - 1074 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $304.31 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability**. The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 22 | ETEC Employee - 1084 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $370.42 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability**. The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 23 | ETEC Employee - 1112 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $395.41 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability**. The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 24 | ETEC Employee - 1129 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $306.64 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability**. The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 25 | ETEC Employee - 1136 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $285.52 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability**. The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 26 | ETEC Employee - 1138 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $477.22 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability**. The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |

| | | Asserted Claim | | | | Modified/Reclassified/Disallowed Claim | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Claimant | Claim No. | Claim Amount | Date Filed | Claim No. | Claim Amount | | Cross-Reference to Omnibus Objection | Basis for Modification, Reclassification or Disallowance |
| 27 | ETEC Employee - 1141 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $386.32 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability**. The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 28 | ETEC Employee - 1143 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $362.30 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability**. The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 29 | ETEC Employee - 1144 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $345.42 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability**. The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 30 | ETEC Employee - 1155 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $811.28 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability**. The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 31 | ETEC Employee - 1164 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $295.09 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability**. The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 32 | ETEC Employee - 1168 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $447.10 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability**. The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 33 | ETEC Employee - 1171 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $245.90 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability**. The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |

| | | Asserted Claim | | | | Modified/Reclassified/Disallowed Claim | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Claimant | Claim No. | Claim Amount | Date Filed | Claim No. | Claim Amount | Cross-Reference to Omnibus Objection | Basis for Modification, Reclassification or Disallowance | |
| 34 | ETEC Employee - 1181 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $469.46 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability.** The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 35 | ETEC Employee - 1186 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $462.75 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability.** The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 36 | ETEC Employee - 1188 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $290.62 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability.** The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 37 | ETEC Employee - 1190 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $268.26 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability.** The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 38 | ETEC Employee - 1192 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $335.35 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability.** The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 39 | ETEC Employee - 1194 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority $514.17 | 10/1/2013 | See Schedule E In re Electric Transportation Engineering Corp., Case No. 13-16126 | Priority | $0.00 | Section IV.C | **No Liability.** The Claim was scheduled as a priority claim under U.S.C. § 507(a)(4) for accrued prepetition wages, salaries or commissions earned by an individual. Because the Claim was satisfied in full in the ordinary course, as authorized pursuant to this Court's order [Docket No. 132], the Claim should be disallowed. |
| 40 | Gregory P. Fioriti 10050 E. Cholla St. Scottsdale, AZ 85260 | 30 | Priority $68,350.33 | 10/18/2013 | 30 | Priority | $0.00 | Section IV.C | **No Liability.** Claimant's basis for his claim is severance pay based upon Section 4.2(b) of Claimant's Executive Employment Agreement, attached to the proof of claim. Pursuant to that section, Claimant is required to provide a release in order to qualify for severance pay. Debtor's records show no receipt of a release. Claimant has not provided sufficient support and documentation to support a claim for severance payment under the terms of the Executive Employment Agreement. |

In re Electric Transportation Engineering, Corp., et al.
No Liability Claims

| | | Asserted Claim | | | Modified/Reclassified/Disallowed Claim | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Claimant | Claim No. | Claim Amount | Date Filed | Claim No. | Claim Amount | | Cross-Reference to Omnibus Objection | Basis for Modification, Reclassification or Disallowance |
| 41 | Jason Bass<br>c/o Bass Business Plans and Development, LLC<br>950 Herrington Road, Suite C-229<br>Lawrenceville, GA 30044 | 38 | Priority $12,475.00<br>Unsecured $11,630.00 | 10/29/2013 | 38 | Priority $0.00<br>Unsecured $0.00 | | Section IV.C | **No Liability.** Claimant's proof of claim does not support the total amount of the Claim. The proof of claim shows mileage expense for travel and billable hours, totaling only $6,825.00. Claimant's proof of claim provides no support for the pre-approval of the incurred mileage as required by the terms of Attachment 1 to the Sales Representative Agreement governing Claimant's services. Specifically, that agreement does not support payment based on "billable hours" and only provides for payment based on commission percentage (as 10% of total dollars, assuming sales dollars), due and payable thirty days after submittal of a correct invoice. |
| 42 | Peter Nimmo<br>P.O. Box 935<br>Aspley, Brisbane<br>Queensland, Australia 4035 | 225 | Priority $19,956.92<br>Secured $71,992.97 | 8/11/2014 | 225 | Priority $0.00<br>Secured $0.00 | | Section IV.C | **No Liability.** Claimant's proof of claim does not provide sufficient support and documentation to support such claim. Claimant asserts priority under 11 U.S.C. § 507(a)(4) for wages, salaries or commissions earned by an individual. Claimant's employment agreement is between Claimant and non-Debtor ECOtality Australia Pty Ltd. The proof of claim has been asserted against Debtor Electric Transportation Engineering Corp., which has no direct relationship with the entity with whom Claimant is contracted. Debtor Electric Transportation Engineering Corp. has no ownership or support relationship with Claimant's employer and thus no basis to direct any liabilities not paid by such employer to Debtor Electric Transportation Engineering Corp. Claimant also provides no basis for claiming secured status or priority treatment above the statutory limit in respect of claimed wages. |

Note: All identifying Claim numbers set forth above pertain to those used as reference in the claims register managed by the Debtors' claims and notice agent, Kurtzman Carson Consultants LLC, and available at www.kccllc.net/ECOtality/register.

* As set forth in the Objection, the Debtors reserve the right to object to any Claim identified as a "Modified/Reclassified/Disallowed Claim" on any applicable grounds

## Exhibit B

**Declaration of Susie Herrmann**

CHARLES R. GIBBS (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
cgibbs@akingump.com

DAVID P. SIMONDS (admitted *pro hac vice*)
ARUN KURICHETY (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 229-1000
Facsimile: (310) 229-1001
dsimonds@akingump.com
akurichety@akingump.com

– and –

JARED G. PARKER (SBN: 6428)
PARKER SCHWARTZ, PLLC
7310 N. 16th St., Suite 330
Phoenix, Arizona 85020
Telephone: (602) 282-0476
Facsimile: (602) 282-0478
jparker@psazlaw.com

Attorneys for Debtors
and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ELECTRIC TRANSPORTATION ENGINEERING CORPORATION (d/b/a ECOTALITY NORTH AMERICA), *et al.*,[1]<br><br>Debtors. | Case No. 2:13-BK-16126 (MCW)<br><br>Chapter 11<br><br>Jointly Administered<br><br>**DECLARATION OF SUSIE HERRMANN IN SUPPORT OF DEBTORS' SECOND OMNIBUS OBJECTION TO CERTAIN (A) RECLASSIFIED CLAIMS, (B) REDUCED CLAIMS AND (C) NO LIABILITY CLAIMS** |
| This filing applies to:<br><br>■ All Debtors<br><br>☐ Specified Debtors | |

---

[1] The Debtors in these jointly administered chapter 11 cases and the last four digits of their respective Employer Identification Numbers are: (i) ECOtality, Inc. (5422); (ii) Electric Transportation Engineering Corporation (4755); (iii) ECOtality Stores, Inc. (2643); (iv) ETEC North, LLC (n/a); (v) The Clarity Group, Inc. (8832); and (vi) G.H.V. Refrigeration, Inc. (4512). The Debtors' service address is ECOtality, Inc., P.O. Box 20336, Phoenix, Arizona 85036-0336.

I, Susie Herrmann, pursuant to the provisions of 28 U.S.C. § 1746, declare under penalty of perjury as follows:

I am the Chief Financial Officer of ECOtality, Inc., Electric Transportation Engineering Corporation, and each of their affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***"). I have been employed by the Debtors in this role since September 2012. As a result, I am familiar with the Debtors' day-to-day operations, business affairs, and the roles and responsibilities of their employees. I submit this declaration (the "***Declaration***") in support of the *Debtors' Second Omnibus Objection to Certain (A) Reclassified, (B) Reduced and (C) No Liability Claims* (the "***Objection***").[2]

Except as otherwise indicated, all facts set forth herein are based on my personal knowledge, my discussions with other employees of the Debtors, my review of relevant documents, or my opinion based upon my experience, knowledge and information concerning the Debtors' operations and financial affairs. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this Declaration on behalf of the Debtors.

## DISPUTED CLAIMS

To the best of my knowledge, information and belief, the assertions made in the Objection are accurate. In evaluating the Disputed Claims, the Debtors have thoroughly reviewed their books and records and the relevant proofs of claim, as well as the supporting documentation provided by each claimant, if any, and have determined that each Disputed Claim should be disallowed, expunged and/or modified as set forth in the Objection. As such, I believe that the disallowance, expungement and/or modification of the Disputed Claims on the terms set forth in the Objection is appropriate.

### A. Reclassified Claims

To the best of my knowledge, information and belief, the Debtors have reviewed the Claims listed on **Schedule 1** to **Exhibit A** to the Objection (collectively, the "***Reclassified Claims***") and have determined that such Claims, as filed or scheduled, as applicable, did not accurately reflect the priority status of amounts owed by the Debtors for the reasons set forth under the column labeled "Basis for

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

Modification, Reclassification or Disallowance" on **Schedule 1** and incorporated herein by reference. Instead, the appropriate priorities for the Reclassified Claims are listed under the column labeled "Modified/Reclassified/Disallowed Claim" on **Schedule 1**. Accordingly, the modification of the Reclassified Claims as requested in the Objection should be allowed.

### B. Reduced Claims

To the best of my knowledge, information, and belief, the Debtors have reviewed the Claims listed on **Schedule 2** to **Exhibit A** to the Objection (collectively, the "***Reduced Claims***") and have determined that such Claims, as filed, did not accurately reflect amounts owed by the Debtors for the reasons set forth under the column labeled "Basis for Modification, Reclassification or Disallowance" on **Schedule 2** and incorporated herein by reference. Instead, the amounts listed under the column labeled "Modified/Reclassified/Disallowed Claim" on **Schedule 2** are the accurate amounts owed to the claimants listed therein. As such, I believe the modification of the Reduced Claims on the terms set forth in the Objection are appropriate.

### C. No Liability Claims

To the best of my knowledge, information and belief, the Debtors have reviewed the Claims listed on **Schedule 3** to **Exhibit A** to the Objection (collectively, the "***No Liability Claims***") and have determined that they have no liability for such Claims for the reasons set forth under the column labeled "Basis for Modification, Reclassification or Disallowance" on **Schedule 3** and incorporated herein by reference. Accordingly, the No Liability Claims should be expunged as requested in the Objection.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 5th day of December, 2014 in Phoenix, Arizona.

By: /s/ Susie Herrmann
Name: Susie Herrmann
Title: Chief Financial Officer